## EXHIBIT A

Summons and Complaint

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS

COUNTY OF RICHLAND )

William D. Campbell )

**Plaintiff(s)** )

**CIVIL ACTION COVERSHEET**

vs. )

2012 CP 400 5928

International Paper Company, Walter Scheele, )
Clay Ellis and Walter Partrich in their )
individual capacities )

**Defendant(s)** )

**Submitted By:** J. Lewis Cromer

**Address:** J. Lewis Cromer and Associates at 1522 Lady
Street, Columbia, SC 29201

| | |
|---|---|
| **SC Bar #:** | **1470** |
| **Telephone #:** | (803)799-9530 |
| **Fax #:** | (803)799-9533 |
| **Other:** | |
| **E-mail:** | jlc@jlewiscromerlaw.com |

**NOTE:** The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION *(Check all that apply)*

*If Action is Judgment/Settlement do not complete*

☒ **JURY TRIAL** demanded in complaint.  ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION *(Check One Box Below)*

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | Previous Notice of Intent Case # | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | 20___-CP-____-_____ | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | ☐ Notice/ File Med Mal (230) | ☐ Personal Injury (350) | ☐ Possession (450) |
| | ☐ Other (299) | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☐ Other (399) | ☐ Other (499) |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☒ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |

| Special/Complex /Other | | Judgments/Settlements cont. | Appeals cont. |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | ☐ Petition for Workers Compensation Settlement Approval (780) | |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) | ☐ Other (799) | ☐ Other (999) |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| | ☐ Sexual Predator (510) | | |

**RECEIVED**

SEP 0 4 2012

**Submitting Party Signature:** *J. Lewis Cromer*

**Date:** 8-23-12 LEWIS CROMER
& ASSOCIATES, L.L.C.

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (04/2012)                              Page 1 of 2

FOR MANDATED ADR COUNTIES ONLY

Allendale, Anderson, Beaufort, Clarendon, Colleton, Florence, Greenville, Hampton, Horry, Jasper, Lee, Lexington, Pickens (Family Court Only), Richland, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

   a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

   b. Requests for temporary relief;

   c. Appeals

   d. Post Conviction relief matters;

   e. Contempt of Court proceedings;

   f. Forfeiture proceedings brought by governmental entities;

   g. Mortgage foreclosures; and

   h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**      **You must comply with the Supreme Court Rules regarding ADR.
Failure to do so may affect your case or may result in sanctions.**

STATE OF SOUTH CAROLINA    )    IN THE COURT OF COMMON PLEAS
                           )
COUNTY OF RICHLAND         )
                           )
William D. Campbell,       )
                           )
            Plaintiff,     )
                           )           **SUMMONS**
        vs.                )
                           )
International Paper Company )
Walter Scheele, Clay Ellis and Walter)
Partrich in their individual capacities )
                           )
            Defendants.    )
_____)

**TO THE DEFENDANTS ABOVE NAMED:**

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy

of which is served upon you, and to serve a copy of your answer to this Complaint upon the

subscriber at the address shown below within thirty (30) days (thirty five (35) days if served by

United States Mail) after service hereof, exclusive of the date of such service, and if you fail to

answer the Complaint, judgment by default will be rendered against you for the relief demanded

in the Complaint.

**[Signature Block on Following Page]**



RECEIVED

SEP 0 4 2012

J. LEWIS CROMER
& ASSOCIATES, L.L.C.

J. LEWIS CROMER & ASSOCIATES


BY: _____

          J. Lewis Cromer (#1470)
          Tandi R. Card0 (#76623)
          Julius W. Babb, IV (#77216)
          1522 Lady Street
          Post Office Box 11675
          Columbia, South Carolina 29211
          Phone  803-799-9530
          Fax     803-799-9533


Attorneys for Plaintiff


Columbia, South Carolina
August 23, 2012

STATE OF SOUTH CAROLINA   )   IN THE COURT OF COMMON PLEAS

COUNTY OF RICHLAND       )

William D. Campbell,        )

           Plaintiff,      )   **COMPLAINT**

                    )   **Jury Trial Demanded**

     vs.            )

                    )

International Paper Company   )

Walter Scheele, Clay Ellis and Walter)

Partrich in their individual capacities )

                    )

       Defendants.     )

RECEIVED

SEP 0 4 2012

J. LEWIS CROMER
& ASSOCIATES, L.L.C.

JEANETTE W. McBRIDE
C.C.P. & G.S.

2012 AUG 30 PM 3: 11

RICHLAND COUNTY
FILED

The plaintiff, complaining of the defendants herein, would respectfully allege as follows:

1. The Plaintiff is a citizen and resident of Richland County, South Carolina.

2. The Defendant, International Paper Company ("IP") is a corporation organized and existing under the laws of a state of the United States but does business in Richland County, South Carolina, where it maintains a large wood processing facility and offices, agents, servants and employees in or near Eastover, South Carolina.

3. The Defendants Walter Scheele ("Scheele") is a resident of Lexington County, Clay Ellis("Ellis") iwas at all times mentioned herein, upon information and belief, a resident of Richland County, South Carolina, Walter Partrich ("Partrich") is a resident of Richland County, South Carolina and at all times mentioned herein were employed by the Defendant IP and were acting within the course and scope of their employment.

4. The Plaintiff had been employed by the Defendant IP and its predecessors for over twenty years with an outstanding performance and safety record and at the time of his termination was charged with the responsibility as a technician at the IP paper mill at Eastover, South Carolina.

5. On or about November 8, 2012, the Plaintiff was suddenly suspended and placed on investigation and was terminated subsequently from his position with IP for false and pretextual charges by the defendant Ellis, IP's Plant Manager, defendant Scheele, Plaintiff's second level superior and the defendant Partrich, IP's Human Resources Director.

6. Earlier the Plaintiff had been temporarily transporting product with a fork lift between a loading stage and a rail car, because of the position of the rail car crew to timely appear to switch cars operated for a very short time during transportation until the car and locomotive entered the loading area at which time he placed all safety equipment and guards in place before exiting the area.

7. When the Plaintiff was questioned, he admitted that he may have been guilty of technical violations of a safety rule but had committed no critical safety violation. Since at no time was there any danger to person or property and the Plaintiff himself had a long and well known reputation as a safety conscious employee, who had received numerous safety awards over his career of excellent service with IP.

8. In spite of the above he was charged with "safety violations" and subsequently terminated. Prior thereto, IP nor any of its personnel had taken such action against others involved in the same or similar conduct and had no reason to terminate the Plaintiff for his freely admitted actions.

9. Upon information and belief, at the time of these events, a decision had been made by IP to reduce the number of its employees for alleged financial reasons targeting the plaintiff and other employees who, because of their seniority with IP and their compensation levels would

2

save IP more money by their absence.  Charging them with performance based terminations would also save IP severance payments and other benefits.

### FOR A FIRST CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
#### (Defamation)

10.  The plaintiff realleges paragraphs 1 through 9 aforesaid.

11.  The charging of the plaintiff with gross safety violations and making it publicly known that he was being fired for the same by the defendants Ellis, Scheele, Partrich  and others showed a total disregard for the truth and were made with conscious knowledge of their falsity. The termination action itself was defamatory in addition thereto.

12.  Such statements and actions were defamatory *per se* charging the plaintiff with a knowing violation of IP safety rules, as well as imputing unfitness for his profession or career.

13.  As a direct and proximate result of the defamatory statements and actions published and re-published by the defendants, individually and in the course and scope of their employment with the defendant IP and subsequently published and re-published by countless others, the plaintiff has suffered impairment of earning capacity and future earnings, embarrassment, humiliation, fright, shock and emotional distress, all of which will continue for an indeterminate period into the future, all to the great damage of the plaintiff in an amount of actual damages to be assessed by a jury against all defendants and also an award of punitive damages against the defendants for their intentional and malicious actions.

### FOR A SECOND CAUSE OF ACTION
### AGAINST THE DEFENDANT IP
#### (Breach of Contract)

14.  The plaintiff realleges paragraphs 1 through 13 aforesaid.

3

15.  The plaintiff was hired and maintained his employment with IP on the basis of IP's lockout and safety policies, which provided for stated progressive discipline for stated offenses and violations and which was relied upon and followed according to practice and procedure for many years.

16.  In over twenty years of work with IP, the Plaintiff had an exemplary record and even if he committed a minor safety violation, others admittedly committed the same or more serious violations and went unpunished or were subjected to far more lenient treatment than the Plaintiff who was terminated.

17.  The Plaintiff is entitled to all damages proximately caused by the breach of contract referenced, including sustained loss of employment, loss of earning capacity and humiliation and embarrassment, all of which will continue into the future.

FOR A THIRD CAUSE OF ACTION
AGAINST ALL DEFENDANTS
(Negligence)

18.  The Plaintiff realleges paragraphs 1 through 17 aforesaid.

19.  The Defendant IP and the Defendants Ellis, Scheele and Partrich employees, acting within the course and scope of their employment, failed to properly interpret the provisions of IP's own policies in determining and carrying out their actions concerning the Plaintiff referred to herein.

20.  The errors and omissions on the part of the defendant IP, the individual defendants and others, while acting within the course and scope of their employment showed a lack of reasonable and due care toward the Plaintiff. Such actions exhibited of willful disregard for the rights of the Plaintiff.

4

21.  As a direct and proximate result of the negligence gross negligence and willful and wanton conduct of the defendants herein, the Plaintiff suffered severe and continuing damages, the loss of employment and earning capacity including embarrassment and humiliation and mental distress, all of which will continue for an indeterminate amount of time into the future. The Plaintiff also prays for an award of punitive damage.

WHEREFORE, the plaintiff prays for judgment against the defendants herein jointly and severally for an award of actual and punitive damages in an amount to be established by a jury not to exceed 2.5 million dollars, as well as the costs of this action.

J. LEWIS CROMER AND ASSOCIATES

BY:_____

J. Lewis Cromer (#1470)
1522 Lady Street
Post Office Box 11675
Columbia, South Carolina 29211
Phone  803-799-9530
Fax     803-799-9533

Attorneys for Plaintiff

August 23 2012

5